**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0564n.06
Filed: September 17, 2008

**Case No. 07-1032**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

RONALD REDDIC,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　Petitioner-Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　ON APPEAL FROM THE
　　v.　　　　　　　　　　　　　　　　　)　　UNITED STATES DISTRICT
　　　　　　　　　　　　　　　　　　　　)　　COURT FOR THE EASTERN
PERCY CONERLY,　　　　　　　　　　　　)　　DISTRICT OF MICHIGAN
　　　　　　　　　　　　　　　　　　　　)
　　Respondent-Appellee.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
_____　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

**BEFORE: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Petitioner–Appellant Ronald Reddic appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Reddic pleaded guilty in Michigan state court to armed robbery in violation of MCL § 750.529 for robbing his mother with a knife. We affirm.

## I. BACKGROUND

Reddic was originally charged in Michigan state court with armed robbery, two counts of felonious assault, attempt to disarm a police officer, resisting and obstructing a police officer, and domestic violence. Reddic pleaded guilty to one count of armed robbery, which carries a statutory maximum sentence of life in prison, and which, under Michigan's guidelines sentencing scheme, carried a minimum of approximately 11 years. In exchange for the guilty plea, the State agreed to

a sentence of 5-to-15 years and dismissed the remaining charges.

At sentencing, Reddic moved to withdraw his guilty plea, claiming that at the time of the plea he was not able to make an informed decision because he was never given complete discovery, and that he "wasn't in [the] right frame of mind" due to the "duress" he was under at the time. At the hearing on this motion, Reddic's trial counsel did little to argue that Reddic should be permitted to withdraw the plea, and explained why he thought the plea was in Reddic's best interest. Counsel also declined what appeared to be an offer by the trial court to allow Reddic more time to collect and review discovery before the court ruled on his motion to withdraw. The trial court denied Reddic's motion to withdraw, finding that he had not sustained his "burden of establishing that the withdrawal is supported by reasons based on the interest of justice."

Reddic filed applications for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. To the Court of Appeals, Reddic presented the following claims:

I.    The trial court abused its discretion in denying defendant's motion to withdraw his plea prior to sentencing when defendant stated he was not in the right frame of mind and claimed he was innocent of the offense.

II.   Defendant's trial counsel was ineffective in failing to vigorously argue defendant's position to withdraw the plea.

The Court of Appeals denied the application. *People v. Reddic*, No. 253700 (Mich. Ct. App. Mar. 31, 2004). Reddic's application to the Michigan Supreme Court, which was filed *pro se*, made similar arguments. The application was denied. *People v. Reddic*, 471 Mich. 885 (2004).

Reddic then filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, presenting claims identical to those presented to the Michigan Court of Appeals. The district court denied the petition. The court found that Reddic's arguments

2

for withdrawal were insufficient and that his trial counsel's performance was not deficient. We granted a certificate of appealability.

## II.  DENIAL OF MOTION TO WITHDRAW PLEA

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we conclude that the district court did not err in its conclusion that the state court's denial of Reddic's motion to withdraw his plea is neither contrary to nor an unreasonable application of established Supreme Court precedent and that Reddic is therefore not entitled to habeas relief on that claim.  Because the district court's opinion carefully and correctly sets out the law governing the issue, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose.  Accordingly, for the reasons stated in the district court's opinion denying Reddic's petition for habeas relief on this ground, we AFFIRM.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, Reddic argues that he was "denied his federal constitutional right to the effective assistance of counsel where his trial attorney failed to investigate and review discovery with petitioner, which was reasonably likely to have resulted in a different outcome for Mr. Reddic." This differs markedly from the ineffective assistance claim that he presented to the state courts and in his petition for habeas relief in the district court, which was that his counsel was ineffective "in failing to <u>vigorously</u> argue defendant's position to withdraw his plea."  (emphasis in original).

We deny Reddic's discovery-related ineffective assistance claim because it was not properly exhausted in the state courts as required by 28 U.S.C. § 2254(c).  Furthermore, exercising our discretion under § 2254(b)(2), we also find the merits of the claim unavailing.  Reddic has made no showing that there was any evidence to be discovered that, if counsel had only learned of it, would

3

have caused Reddic not to plead guilty but instead go to trial. Accordingly, Reddic is wholly unable to satisfy the prejudice prong of the ineffective assistance inquiry set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

With respect to the ineffective assistance claim that Reddic did raise in his habeas petition, we conclude that the district court's opinion denying this claim carefully and correctly sets out the law governing the issue, and clearly articulates the reasons underlying its decision on the matter, which we find persuasive. Therefore, to the extent Reddic that we could construe Reddic's appeal as raising this claim, we affirm for the reasons stated in the court's opinion.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Reddic's petition for habeas relief.